**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FEDERATED NATIONAL INSURANCE COMPANY,**

    Plaintiff,

v.                                    Case No.  8:12-cv-1286-T-30EAJ

**MARYLAND CASUALTY COMPANY,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Maryland Casualty Company's Motion for Judgment on the Pleadings (Dkt. 11) and Plaintiff Federated National Insurance Company's Response in opposition (Dkt. 14).  The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

In this action, Plaintiff Federated National Insurance Company ("FNIC") asserts subrogation and common law contribution claims against Defendant Maryland Casualty Company ("MCC").  FNIC's complaint alleges that between May 12, 2003 and May 12, 2006, MCC insured Flatworks, Inc., under three consecutive Precision Portfolio Policies. FNIC also insured Flatworks between August 24, 2005 and August 24, 2006, under a Commercial Liability Policy.

On or about August 6, 2010, Clancy and Theys Construction Co. ("C&T") filed an amended third party complaint against FNIC and Flatwork's, in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. The amended third party complaint asserted claims for contractual indemnity and breach of contract against Flatworks related to a subcontract agreement between C&T and Flatworks, in which Flatworks agreed to provide the labor, material, and equipment necessary to install a Concrete Paving System for a project for the Pinellas Suncoast Transit Authority ("PTSA"). The Concrete Paving System was poured and completed on or about June, 2005.

On or about August 26, 2011, C&T and Flatworks entered into a Confidential Settlement Agreement and Mutual Release. As part of the Confidential Settlement Agreement, and in consideration of obtaining a dismissal, with prejudice, of the claims against Flatworks, MCC paid $50,000 to C&T and FNIC paid $500,000 to C&T.

In the instant action, FNIC alleges that it paid in excess of its share of indemnity on behalf of Flatworks and that, as subrogee of Flatworks, it is entitled to subrogation from MCC.

On June 13, 2012, MCC filed its answer and affirmative defenses, denying liability. On October 18, 2012, MCC filed the instant motion for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c). MCC's sole argument in favor of judgment on the pleadings is that FNIC's complaint in this action and C&T's amended third party complaint do not include allegations of "property damage" within the purview of MCC's policies.

## STANDARD OF REVIEW

A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n,* 137 F.3d 1293, 1295 (11th Cir. 1998). If it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint. As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

MCC argues that C&T's claims against Flatworks related to repair and replacement damages of the defective Concrete Pavement System and that repair and replacement damages do not constitute "property damage" under the policies between MCC and Flatworks.[1] MCC contends that because there was no coverage under the policies, it never had a duty to defend Flatworks and, as a result, there can be no duty to indemnify as a matter of law.

---

[1] Under Florida law, when the damages include only costs associated with the repair, removal, and/or replacement of defective work or a defective product, without any allegations of physical injury to "some other tangible property," there is no "property damage" within the policy definition and therefore no coverage. *See Auto-Owners Ins. Co. v. Pozzi Window Co.*, 984 So. 2d 1241 (Fla. 2008); *see also Amerisure Mut. Ins. Co. v. Auchter Co.*, 673 F.3d 1294 (11th Cir. 2012).

FNIC does not dispute that damages related to the repair and replacement of the defective Concrete Pavement System are not covered under the MCC policies, but points out that C&T alleged other property damage that would be covered, to wit, damage to the subgrade.

The Court agrees that there are sufficient allegations of other property damage in support of FNIC's subrogation and contribution claims against MCC. The amended third party complaint, which is attached to FNIC's complaint in this action, and is considered part of the pleadings, alleges that, in addition to the defective Concrete Pavement System, which was Flatworks' responsibility, Flatworks caused "resulting damage" including "deterioration" of the subgrade. Notably, Flatwork's responsibilities under the terms of its subcontract with C&T did not include work related to the subgrade. Accordingly, damage to the subgrade could constitute damage to "some other tangible property," which would be covered.

At this stage, the Court must assume the truth of these allegations; thus, MCC's argument that the pleadings do not demonstrate its duty to defend fails.

It is therefore ORDERED AND ADJUDGED that Defendant Maryland Casualty Company's Motion for Judgment on the Pleadings (Dkt. 11) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 28, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1286.mtjudgonplead11.frm